## BUSSELL v AETNA LIFE INS CO

Ohio Appeals, 9th Dist, Summit Co

No 2461. Decided March 18, 1935

Laub & Allen, Akron, for plaintiff in error.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for defendant in error.

## OPINION

By STEVENS, J.

It is urged by defendant that there never was any valid contract of insurance existing between Farley Cole and the defendant company, for the reasons that—

1. In order to be entitled to insurance, he had to be an **eligible** employee of the B. F. Goodrich Co., and to become an **eligible** employe he had to do two things:

(a) Make written application for employment with said company;

(b) Submit to a physical examination and be passed as physically fit for employment by the medical staff of said company.

2. Make written application for insurance under said group policy.

It is conceded that none of these things were done by Cole.

It is the unanimous opinion of this court that Cole's employment, and the subsequent obtaining of the certificate of insurance in question, were all brought about through the perpetration of a fraud upon the Goodrich Co. and the defendant company, and that any rights of Cole's arising by virtue of such a set of facts were so tainted by that fraud as to be invalid and unenforceable, at the option of the defrauded party.

"1. Fraud vitiates all contracts, and therefore a policy of insurance obtained by intentional fraud is voidable by the company."

Ramsey v Old Colony Life Ins. Co., 131 NE 108.

See also, 19 O. Jur., "Fraud and Deceit," §§16 and 17, pp. 330-331.

Moreover, the evidence does not disclose that Cole was at any time within the class for whose benefit the contract of insurance between the employer and defendant was made, and he accordingly could acquire no rights under said contract.

As a result of Cole's concealment, his status was at all times wrongful, and a fraud upon defendant.

"Right to recover may not justly or reasonably be rested on a foundation so abhorrent to public policy."

Minn., St. P. & St. Ste. M. Ry. Co. v Rock, 73 L. Ed. 766, at p. 770.

The judgment of the Court of Common Pleas is affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.